UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JACK O. CARTNER, et al. ) | CASE NO.  1: 07 CV 1589 |
| ) | |
| Plaintiffs ) | |
| ) | MEMORANDUM OF OPINION AND |
| -vs- ) | ORDER RECONSIDERING THE TERM |
| ) | "CONSTANTLY OPERATIVE" IN |
| ALAMO GROUP, INC. ) | UNITED STATES PATENT NO. |
| ) | 5,197,284 |
| Defendant ) | |
| _____ ) | |
| ) | |

UNITED STATES DISTRICT COURT JUDGE LESLEY WELLS

On 21 May 2008, subsequent to a Markman Hearing on the matter, this Court rendered a Memorandum of Opinion and Order construing the disputed terms in United States Patent No. 5,197,284 (the '284 Patent).  (Doc. 25).  The Plaintiffs Jack O. Cartner and Motrim, Inc. (hereinafter "Motrim") now move for a reconsideration and modification of one of the five disputed terms considered by the Court.  (Doc. 26). Specifically, Motrim requests the Court reconsider its construction of the term "constantly operative," which appears in claims 5 and 12 of the '284 patent.  Defendant Alamo Group, Inc. ("Alamo") has filed a responsive brief in which it challenges both the procedural posture of Motrim's request for reconsideration and the substance of

Motrim's claims, as merely a reiteration of the Plaintiffs' position as enunciated in its Markman briefs.  (Doc. 29).  Motrim further submitted a reply brief in which it discusses the Court's inherent power to reconsider interlocutory orders such as the instant motion. (Doc. 30).

## LAW AND ARGUMENT

Motrim is correct to suggest that "a district court may engage in claim construction during various phases of litigation, not just in a Markman order" Conoco, Inc. v. Energy & Environmental Intern., L.C., 460 F.3d 1349, 1459 (Fed. Cir. 2006), and in observing that "[d]istrict courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves," Guttman, Inc. v. Kopykake Enters., Inc., 302 F.3d 1352, 1361 (Fed. Cir. 2002).  In addition, the law of the case doctrine "gives a district court discretion to revisit earlier rulings in the same case."  Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, 322 F.3d 147, 167 (2nd Cir. 2003). Nevertheless, reconsideration must respond to the notion that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."  Zdanok v. Glidden Co., 327 F.2d 944, 953 (2nd Cir. 1964).

Motions for reconsideration are not substitutes for appeals nor are they vehicles whereby a party may present arguments inexcusably omitted in prior proceedings.  Karr v. Castle, 768 F. Supp. 1087, 1093 (D. Del. 1991), citing Brambles U .S.A., Inc. v. Blocker, 735 F. Supp. 1239, 1240-41 (D. Del. 1990).  "The major grounds justifying

reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998), citing Petition of United States Steel Corp., 479 F. 2d 489, 494 (6th Cir. 1973).  The motion for reconsideration must demonstrate to the Court why it should reconsider its decision and set forth strongly convincing facts or law which would induce it to reverse its prior holding.  Shields v. Shetler, 120 F.R.D. 123, 126 (D. Colo. 1988).

Toward that end, Motrim contends the Court's construal of the term "constantly operative" in claims 5 and 12, if taken literally, would invalidate the claims under 35 U.S.C. § 112.  Motrim's proposed construction of the term, during the Markman hearing, was: "The flow control orifice is always connected to the third fluid line, as opposed to being connected only through the actuation of a solenoid."  Motrim initially argued before the Court that the term 'constantly operative' should be construed, pursuant to the patent's prosecution history, to mean 'always connected.'

Motrim now proposes the following three alternative constructions to supplant the Court's earlier determination in its 21 May 2008 Memorandum of Opinion and Order that "[t]he term 'said flow control orifice being constantly operative' in claim numbers 5 & 12 means 'the flow control orifice continuously slows fluid flow when the first control valve is in the open or closed position.'" (Doc. 25 p. 29).  Instead, Motrim suggests one of the following emendations:

- The term "said flow control orifice being constantly operative" in claim numbers 5 & 12 means "the flow control continuously slows fluid flow

3

> when the first control valve is in the open and closed position *and when there is fluid flow in the third fluid line.*"
> 
> - The term "said flow control orifice being constantly operative" in claim numbers 5 & 12 means "the flow control orifice continuously slows fluid flow when *there is fluid flow in the third fluid line*, whether the first control valve is in the open or closed position."
> 
> - The term "said flow control orifice being constantly operative" in claim numbers 5 & 12 means "the flow control orifice is always located in the third fluid line."

(Doc. 30 p. 6) (emphasis added).

The only clear means for the Court's reconsideration and modification of the term "constantly operative" in line with Motrim's proposed alternatives would occur if the Plaintiff established a clear error of law or the potential for a manifest injustice. Petition of United States Steel Corp., 479 F. 2d at 494. In this instance the Court finds neither error nor injustice has been established.

First, a review of the record indicates the Court was compelled to construe the term "constantly operative" by reference to the claim language, the specification, and the drawings of the '284 patent. (Doc. 25, pp. 24-28); ('284 patent, col 8, lines 64-68; col 2, lines 16-19; Fig. 1); Merck & Co., Inc. v. Teva Parmaceuticals USA, Inc., 395 F.3d 1364, 1372 (Fed. Cir. 2005). Accordingly, the Court's construction was not inconsistent with the disclosure of the '284 patent. Second, upon review of the record, the Court does not discern a claim ambiguity capable of triggering the narrow invocation of a validity analysis of claims 5 & 12 of the '284 patent. See Phillips v. AWH Corp., 415

4

F.3d 1303, 1327 (Fed. Cir. 2005)(en banc).  Finally, having rendered a construction of the term "constantly operative" consistent with the plain language of the claim, this Court's hand is stayed from manipulating the claim language to cure a drafting error committed by the patentee.  See Lucent Tech., Inc. v. Gateway, Inc., 525 F.3d 1200, 1215 (Fed. Cir. 2008); Chef Am., Inc. v. Lamb-Weston, Inc., 358 F.3d 1371, 1374 (Fed. Cir. 2004).

## CONCLUSION

For the reasons set forth above, the Court will not modify the construction of the term "constantly operative" in claim numbers 5 & 12, which it construed to mean "the flow control orifice continuously slows fluid flow when the first control valve is in the open or closed position."  The Plaintiffs' motion is denied.

Pursuant to the Case Management Plan and Schedule (Doc. 12), discovery cut-off will be 45 days from the filing of this Order with Expert Reports due 75 days from the filing of this Order.


IT IS SO ORDERED.

Date: 9/23/2008                                     /s/Lesley Wells
                                                    UNITED STATES DISTRICT JUDGE