IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

JACK O. CARTNER and MOTRIM, INC.,

          Plaintiffs

-vs-

ALAMO GROUP, INC.,

          Defendant.

: CASE NO. 1: 7 CR 01589
:
:
: <u>ORDER ADOPTING REPORT AND</u>
: <u>RECOMMENDATION FINDING THE</u>
: <u>CASE EXCEPTIONAL, GRANTING</u>
: <u>ATTORNEY FEES, AND REFERRING</u>
: <u>THE MATTER TO MAGISTRATE</u>
: <u>JUDGE NANCY A. VECCHIARELLI</u>
: <u>FOR A FEE HEARING PURSUANT TO</u>
: <u>FED. R. CIV. P. 54(d)(2)(B).</u>

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

In the underlying case, Plaintiff Jack Cartner and Motrim, Inc. (referred to singularly as"Cartner") alleged infringement on Patent No. 5,197,284 ("the 284 patent") for a "Hydraulic Motor Deceleration System" used to brake power mowers in road maintenance equipment. Cartner specifically alleged infringement of claims 1, 4, 5, and 12 of the '284 patent based on Defendant Alamo Group Inc's. ("Alamo") production and

sale of Alamo and Tiger brand industrial mowers. During the course of the suit, Cartner abandoned claims 1 and 4 of the '284 patent, but retained its allegations that certain mowers made by Tiger infringed claims 5 and 12, and that certain mowers made by Alamo infringed claim 12 of the '284 patent.[1] After considerable pretrial discovery, a Markman hearing, and an appeal, the parties filed a joint motion for entry of consent judgment. The Court entered judgment in favor of Alamo and against Cartner on the remaining claims.

The instant matter involves Alamo's request, as the prevailing party in this action, to declare the patent infringement case "exceptional", pursuant to 35 U.S.C. § 285, and for an award of attorneys fees against Cartner. The Court referred the matter to Magistrate Judge Nancy A. Vecchiarelli for a Report and Recommendation ("R&R").

Subsequent to a hearing and further briefing by the parties, Magistrate Judge Vecchiarelli submitted a comprehensive R&R in which she suggested granting in part and denying in part the motion for fees from Alamo. The R&R advised finding the case "exceptional" by clear and convincing evidence, and advised an award of attorney fees to Alamo as appropriate pursuant to 35 U.S.C. § 285. (Doc. 67). Magistrate Judge Vecchiarelli, further, advised denying Alamo's "fair estimate" fee amount of $530,000, as the Defendant's request was made pursuant to Fed. R. Civ. P. 54(d)(2)(B), which anticipates a judicial determination of fee amounts subsequent to a liability

---

[1] Much of the discussion on the patent, its limitiations and claims, and the functioning schematics of the comparable mowers has been ably covered in prior Court Orders (i.e. Doc. 19 Markman Order) and the Report and Recommendation from Magistrate Judge Vecchiarelli. This *de novo* review relies upon the record before the Court but does not replicate prior discussions of the patent art.

2

determination. (Doc. 67, p. 27).

The R&R specifically advised finding Cartner's infringement allegations frivolous and a sufficient basis to deem the case exceptional under § 285 in three instances:

(A) Finding Cartner ignored the requirement of claim 12, with respect to the Tiger mower, that during deceleration the recirculation of fluid from the second to the first fluid lines occurs "without a loss of fluid." (Doc. 67, pp. 16-19).

(B) Finding Cartner ignored the requirement in claims 5 and 12, with respect to the Tiger mower, that a relief valve regulates the recirculation of fluid between the second and first fluid lines. (Doc. 65, pp. 19-22).[2]

(C) Finding Cartner continued to assert a construction of "when the motor is disconnected from a hydraulic pump" in the specification of claim 12, with respect to the Tiger and Alamo mowers, after the Court specifically rejected the construction. (Doc. 67, pp. 22-26).

In each of these instances, which the Court will here consider in turn, the R&R found the Plaintiffs' allegations frivolous as the evidence indicated that Cartner knew or, pursuant to a reasonable inquiry, should have known, it had no realistic expectation of success on the merits of the suit.

The Court is vested with the authority to award attorney fees to a prevailing party in patent litigation if it determines that the case is "exceptional." See 35 U.S.C. § 285. A determination whether to award attorney fees under § 285 involves a two-step process. First, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional. Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1327 (Fed. Cir. 2003). Second, if the district court finds the case to be exceptional, the court must then determine whether an award of attorney fees is

---

[2] While the R&R addressed both the Alamo and Tiger mowers, a review of Alamo's brief finds the Defendant's alleged Cartner's assertion regarding the relief valve pertained, singularly, to the Tiger mower.

3

appropriate and, if fees are appropriate, the amount of the award. Cybor Corp. v. FAS Technologies, Inc., 138 F.3d 1448, 1460 (Fed. Cir. 1998).

In reaching her findings, Magistrate Judge Vecchiarelli, first, construed the claims to determine their scope and, second, compared the claims to the accused device. Establishing literal infringement requires a patentee, such as Cartner, to demonstrate that every limitation in the claim is met by the accused device such that the claim "reads on the accused device exactly." Kahn v. General Motors Corp., 135 F.3d 1472, 1476 (Fed. Cir. 1998). The R&R specifically concluded that clear and convincing evidence established Cartner's infringement suit as frivolous as pertaining to claim 5 and claim 12 because the Plaintiff did not have reasonable grounds to believe that every limitation on Claim 5 and Claim 12 of the '284 patent was literally met by the accused devices. (Doc. 67, p. 10) See Kahn v. General Motors Corp., 135 F.3d 1472, 1476 (Fed. Cir. 1998). This finding provided the circumstance necessary, under § 285, for Magistrate Judge Vecchiarelli to advise declaring the suit 'exceptional' and enable the award of attorney fees to Alamo.

This Court carries out a *de novo* review of Magistrate Judge Vecchiarelli's R&R so far as the Plaintiffs' timely objections touch on the recommendations before the Court and those objections encompass the arguments and issues placed before Magistrate Judge Vecchiarelli.[3]

---

[3]The Court finds no compelling reason to consider the arguments and issues not presented to Magistrate Judge Vecchiarelli but included by the Plaintiff in its objection to the R&R. Ample opportunity was provided for the Plaintiff to bring these arguments and issues forward prior to the R&R, and failure to do so in this instance constitutes a waiver of those arguments. See The Glidden Co. v. Kinsella 386 Fed. Appx. 535, 544 n. 2 (6th Cir. 15 July 2010);

Upon a review of the record and the extant case law, the Court finds the Magistrate Judge's R&R applied the correct legal standard under 35 U.S.C. § 285 in advising this Court. Cartner, however, maintains this matter does not warrant an "exceptional" finding under § 285 absent a trial on the merits. (Docs. 68, 71 Opposition and Reply briefs to R&R). While Cartner pressed this argument before Magistrate Judge Vecchiarelli, neither the statute nor the cases finding exceptional circumstances support the Plaintiff's claim that short of a trial on the merits a court may not find "exceptional circumstances" under § 285. Certainly, the statute makes no such requirement on its face.

In addition, attorney fees have been awarded after a finding of exceptional circumstances in a range of litigation scenarios short of trial on the merits. Courts have, for instance, found the inadequacy of a patentee's pre-litigation investigation sufficient to provide reasonable grounds for justifying an award of attorney fees under § 285. See Epcon Gas. Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1035 (Fed. Cir. 2002) (An inadequate pre-filing preparation is relevant to determining whether a case is exceptional); see also, Eltech Sys. Corp. v. PG Indus., Inc., 903 F.2d 805, 810-11 (Fed. Cir. 1990) (A case can be exceptional under 35 U.S.C. section 285 if a patentee bringing an action knows or upon reasonable investigation should know that his or her claim is baseless).

Courts may award attorney fees under § 285 even where a patentee voluntarily dismisses its infringement claim. See Micromesh Technology Corp. v. American

---

Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

5

Recreation Products, Inc., 2007 WL 2501783, *7 (N.D. Cal. 2007) (Awarding attorney fees in the face of patentee's argument that voluntary dismissal of the infringement case removed it from consideration as an exceptional case). The instant case, involving a consent judgment entered into by the parties, is no different.[4]

Regarding the court's factual finding, as a general matter, the Court observes that many varieties of misconduct can support the Court's exceptional case finding, including lodging frivolous filings and engaging in vexatious or unjustified litigation. See Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc., 549 F.3d 1381, 1387–88 (Fed. Cir. 2008). Indeed, "[l]itigation misconduct and unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285." Rambus Inc. v. Infineon Techs. AG, 318 F.3d 1081, 1106 (Fed. Cir. 2003). Absent litigation misconduct or misconduct in securing the patent, sanctions under § 285 may be imposed against the patentee only if both (1) the patentee brought the litigation in bad faith; and (2) the litigation is objectively baseless. Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005).

Subsequent to a *de novo* review, this Court finds frivolous Cartner's infringement

---

[4]Cartner's reliance upon Old Reliable Wholesale, Inc. v. Cornell Corp., 635 F.3d 539 (Fed. Cir. 2011), for the proposition that a merits decision is required for the award of attorney fees under § 285, is misplaced. In that case, the appellate court reversed and remanded an attorney fee award not because there was no decision on the merits, but because in reviewing the record they found that the patentee, Old Reliable, had presented reasonable grounds for the argument that the patent was valid over the prior art. Id. at 544. In the instant matter, the R&R advises finding, and the Court agrees, that Cartner failed to advance a reasonable showing of infringement on three separate limitations of the asserted claims.

position that the Tiger mower meets the "without loss of fluid" limitation of claim 12 of the patent-in-suit. The record indicates that the "loss of fluid" limitation was a defining characteristic specifically introduced in claim 12 as a narrowing amendment by Cartner to distinguish its patent from the Ewald '076 patent. Alamo supplied Cartner with the Tiger mower schematic early on in this litigation which, upon reasonable review, indicates the similarity between the Tiger and the Ewald systems in that both evidence a loss of fluid to the tank. Cartner purposely separated its system from the Ewald system by amending claim 12. As such, the Plaintiff's continued allegation, in the face of repeated evidence that the Tiger system infringed the "without loss of fluid" limitation of claim 12, was unreasonable.

The Plaintiff's contention, in response to the R&R, that it maintained this infringement claim until January 2010 predicated on the presumed insufficiency of Alamo's expert witnesses, does not bear the weight of scrutiny. Accordingly, the Court finds that Alamo demonstrated, by clear and convincing evidence, Cartner's continued assertion as unreasonable, that the "without a loss of fluid" limitation of claim 12 was infringed by the Tiger mower. The Court finds this continued assertion objectively baseless as "so unreasonable that no reasonable litigant could believe it would succeed." iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011).

In addition, the Court finds frivolous Cartner's continued assertion that Alamo's Tiger mower infringed on the limitations in claims 5 and 12 of the patent-in-suit, that a brake relief valve regulated the flow between the first and second hydraulic fluid lines. The relief valve, located in the third hydraulic fluid line, that controlled whether and how much fluid may flow in that third fluid line, was a limitation Cartner introduced as a

means of distinguishing its device from prior art. Upon *de novo* review, the Court finds no basis upon which to claim, as does Cartner, that the brake relief valve and the "makeup line" evident in the Tiger mower corresponded to the patent '284 limitations of claims 5 and 12 – that the brake relief valve on the third fluid line control "whether and how much fluid" flowed through the line. The evidence indicates that Mr. Cartner himself acknowledged factors other than the brake relief valve on the Tiger mower regulated "whether and how much fluid" flowed through the Tiger mower "makeup line."

Plaintiff contends, in opposition to the R&R, that its infringement claim was reasonable because the brake relief valve on the Tiger mower does regulate the fluid flowing through the claimed third line because it must open, of necessity, to allow fluid to flow. This argument is baseless as it sidesteps the parties' Joint Submission of Claim Construction, in which they agreed that these specific claims should be construed to mean the "[r]elief valve controls whether and how much fluid may flow" in the third hydraulic fluid line. That the Tiger mower brake relief valve must open provides no reasonable point from which to ground an infringement claim that must show that the relief valve *controls* "whether and how much fluid may flow." The Court's *de novo* review finds it in accord with the R&R, that "[n]o one viewing the schematics for the Tiger mower . . . could reasonably believe that the system contained a relief valve that controlled whether and how much fluid could flow in a third fluid line communicating between the first fluid line and the second fluid line" (Doc. 67, p. 22).

Finally, the Court finds frivolous Cartner's continued assertion that the Tiger and Alamo mowers meet the "when the motor is disconnected from a hydraulic pump" limitation of claim 12. Cartner's continued assertion that the term means "the pump is

not delivering pressurized hydraulic fluid to the motor" is in direct contradiction to this Court's May 2008 Markman Order, which determined the term means "the pump and the motor are not connected such that fluid cannot flow from the pump to the motor." (Doc. 19, Markman Order). Cartner maintained before Magistrate Judge Vecchiarelli that it was prepared to argue infringement under the doctrine of equivalents, yet provided no indication it was pursuing that theory of infringement until Alamo moved for attorney fees. The R&R found Plaintiff waived its equivalents argument and, even had the theory not been waived, the argument was without merit under the doctrine of claim vitiation, which requires that each limitation of a claim be found in the accused device whether the theory of infringement is literal or by equivalents. See Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc., 145 F.3d 1303, 1310 (Fed. Cir. 1998).

The Court's *de novo* review of the evidence indicates Cartner's frivolous allegations of infringement against the Tiger and Alamo mowers regarding the "disconnected" limitation of claim 12. Any allegation of literal infringement regarding the "disconnected" limitation after this Court's Markman Order was frivolous. Further, Plaintiff's conduct, of presumptive reliance upon an unrevealed theory of infringement by equivalents, amounts to bad faith sufficient to find exceptional circumstances under § 285. Plaintiff provides no indication, during the entire prosecution of the case, that it regarded the "disconnected" limitation as an infringement by equivalents. In objecting to the R&R, Cartner contends it was not required to disclose its reliance upon an equivalents theory. Yet, this more than suggests that Cartner was not forthright in answering Alamo's interrogatories, allowing Alamo to mistakenly cull fact discovery and witness depositions predicated on Plaintiff's literal infringement theory. The vitiation

9

doctrine prevents Cartner's further argument in objection that, while the pump and motor of the Alamo and Tiger mowers were not physically disconnected, the flow of fluid between the pump and motor were, nevertheless, stopped by other means.

Accordingly, after a de novo review of the arguments presented to Magistrate Judge Vecchiarelli, the Court adopts the R&R and finds that Alamo has established the case as exceptional by clear and convincing evidence, pursuant to 35 U.S.C. § 285. The Court further finds an award of attorney fees appropriate and, hereby, refers this matter to Magistrate Judge Nancy A. Vecchiarelli for adjudication of the amount of the award.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: 9/23/2011