IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
: CASE NO. 1:07 CV 01589
JACK O. CARTNER and MOTRIM, INC., :
:
: <u>MEMORANDUM AND ORDER</u>
Plaintiffs, : <u>ADOPTING THE MAGISTRATE</u>
: <u>JUDGE'S REPORT AND</u>
-vs- : <u>RECOMMENDATION AND GRANTING</u>
: <u>IN PART AND DENYING IN PART THE</u>
: <u>DEFENDANT'S MOTION FOR</u>
ALAMO GROUP, INC., : <u>ATTORNEY'S FEES AND COSTS</u>

Defendant.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  This matter comes before the Court on the defendant Alamo Group Inc.'s ("Alamo") objections to the magistrate judge's recommendation that Alamo's motion for an award of attorney's fees be granted in part and denied in part. (Docs. 84, 85). The plaintiffs Jack O. Cartner and Motrim, Inc. have filed a response, urging that the report and recommendation be adopted. (Doc. 86). With the Court's leave, Alamo filed a reply. (Doc. 88). For the reasons that follow, the Court will overrule Alamo's objections, adopt the magistrate judge's report and recommendation, and grant in part and deny in part Alamo's motion. Alamo will be awarded $358,516.44 in attorney's fees and costs.

**I. Background**

Only the facts relevant to Alamo's motion are recounted here. On 30 May 2007, the plaintiffs filed this suit alleging that Alamo manufactured and sold industrial mowers under the Alamo and Tiger brands that infringed on two of plaintiff Cartner's patents. (Doc. 1). On 10 August 2007, Alamo provided the plaintiffs with a schematic of the accused mower. (Doc. 54-5). On 28 March 2008, the parties stipulated to dismissal of the infringement claims as to one of the patents. (Doc. 16; Doc. 21). The plaintiffs retained the claims regarding U.S. Patent No. 5,197,284 ("the '284 patent") for a "Hydraulic Motor Deceleration System." (Doc. 16).  After considerable pretrial discovery, a Markman hearing was held, and, on 23 September 2008, the Court issued a Memorandum of Opinion construing the contested terms of the '284 patent. (Doc. 25).

The plaintiffs disputed the Court's construction of the '284 patent and filed a motion for reconsideration. (Doc. 26). After the motion was denied, the parties stipulated that, based on the Court's construction, claims 5 and 12 of the '284 patent were invalid for failure to meet the written description requirement of 35 U.S.C. § 112. (Doc. 32).  On 29 October 2008, final judgment was entered, with all claims dismissed and claims 5 and 12 of the '284 patent held invalid.  (Doc. 33). The plaintiffs filed a timely appeal to the United States Court of Appeals for the Federal Circuit. (Doc. 35). The Court of Appeals revised this Court's claim construction and vacated its judgment of invalidity of claims 5 and 12. On 29 July 2009, the case was returned for further proceedings. (Docs. 39, 40).

Litigation moved forward. The parties jointly moved to amend the case management plan and scheduling order and entered a stipulation as to the scope and

2

terms of discovery. (See Docs. 41, 45).  The case management plan was again amended. (Docs. 47, 49). Then, on 22 February 2010, the parties filed a joint motion for entry of a consent judgment in favor of Alamo and against the plaintiffs on their claims of infringement of the '284 patent. (Doc. 50). The consent judgment was entered on 2 March 2010. (Doc. 51).

On 16 March 2010, Alamo filed a motion for attorney's fees and to declare the case exceptional under 35 U.S.C. § 285. (Doc. 52). The plaintiffs responded, and Alamo replied. (Docs. 55, 57). On 14 July 2010, the motion was referred to United States Magistrate Judge Nancy A. Vecchiarelli for report and recommendation. (Doc. 60). Following a telephone conference with the parties, the magistrate judge issued a recommendation that Alamo's motion be granted in part and denied in part. (Docs. 61, 67).

The magistrate judge concluded that the case should be declared exceptional and that a fee award was warranted because Alamo demonstrated by clear and convincing evidence that the plaintiffs knew or should have known that their infringement claims were baseless. (Doc. 67, pp. 26-27). The stated reasons were that

> (1) the plaintiffs unreasonably ignored the requirement in claim 12 that during deceleration the flow of fluid between the first and second fluid lines occur without a loss of fluid, and (2) the plaintiffs unreasonably ignored the requirement in claims 5 and 12 that a relief valve regulate the flow between the first and second fluid lines. In addition, plaintiffs' allegations of infringement against both the Tiger and Alamo mowers were frivolous because plaintiffs unreasonably maintained a construction of Claim 12's specification "when the motor is disconnected from the hydraulic pump" against the Tiger and Alamo mowers after that construction was rejected by the Court.

(Doc. 67, pp. 26-27).

3

The magistrate judge recommended that Alamo's motion be granted, insofar as Alamo requested that the case be declared exceptional, but recommended denying Alamo's "fair estimate" fee request of $530,000, because Federal Rule 54(d)(2)(B) permits the Court to determine the amount of fees subsequent to a determination of liability. (Doc. 67).

On 23 September 2011, this Court adopted the report and recommendation and declared the case exceptional pursuant to 35 U.S.C. § 285, over the plaintiffs' objections. (Doc. 72). The matter was referred to Magistrate Judge Vecchiarelli for a determination of the amount of the award. (Id.). The parties briefed the issue, with Alamo requesting attorney's fees and costs in the amount of $608,899.55. (Docs. 76-82). The magistrate judge recommended that Alamo's motion be granted in part and denied in part, and that Alamo be awarded $358,516.44 in costs and attorney's fees. (Doc. 83).

The recommended figure is based on the costs and fees that were reasonably incurred during the pendency of litigation from 17 June 2009 through 21 December 2011. (Doc. 83, p. 1). The 17th of June is the recommended date from which to begin calculating the award, because this was the date that the Federal Circuit issued an order vacating this Court's judgment and returning the matter for further proceedings. (Doc. 83, pp. 10-11). The magistrate judge explained that this "was the earliest date upon which all issues of claim construction had been resolved," and that the "[p]laintiffs had a right to resolve a claim construction which they believed to be erroneous, even if resolution of that construction did nothing to make their claims of infringement any more meritorious." (Doc. 83, p. 10).  Magistrate Judge Vecchiarelli reasoned that once

4

construction of all claims was finally resolved by the Federal Circuit, the plaintiffs' persistence in litigating the matter became "unjustified and vexatious." (Doc. 83, p. 11). The magistrate judge therefore recommended that the award be calculated from 17 June 2009.

### II. Standards

As described above, this matter has already been declared an exceptional case, and the Court has found a fee award appropriate. Therefore, the only issue remaining is the amount to be awarded. The amount of a fee award is an issue within the district court's sound discretion. Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1382 (Fed. Cir. 2005).

The question presented comes before the Court on the defendant's objections to the magistrate judge's report and recommendation. Therefore, this Court must perform a *de novo* review of the portions of the report and recommendation to which objections are made. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. Discussion

Alamo objects to the magistrate judge's recommendation that 17 June 2009 is the proper date from which to calculate the fee award. Alamo requests that the recommended date be rejected and that the award be calculated from an earlier time. The appropriate date, in Alamo's view, is 10 August 2007, the date on which Alamo provided the plaintiffs with a schematic of the mower that was the subject of this

5

litigation. In Alamo's view, because no one could have reasonably believed that the mower infringed after reviewing the schematic, fees are warranted from that time forward. Alamo's argument rests on essentially two grounds which will be addressed in turn.

First, Alamo maintains that the recommended date conflicts with, or is unsupported by, a prior order of this Court, dated 23 September 2011. (See Doc. 72, hereinafter "prior order"). Alamo contends that "the Court specifically found the case exceptional when Alamo provided a copy of the Tiger Mower schematic to the plaintiffs on August 10, 2007." In support, Alamo cites the following language from the prior order:

> Alamo supplied [the plaintiffs] with the Tiger mower schematic early in this litigation, which, upon reasonable review, indicates the similarity between the Tiger and Ewald systems in that both evidence a loss of fluid to the tank. [The plaintiffs] purposely separated [their] system from the Ewald system by amending claim 12. As such, the [plaintiffs] continued allegation, in the face of repeated evidence[,] that the Tiger system infringed the 'without loss of fluid' limitation of claim 12, was unreasonable.

(Doc. 84, p. 5). Alamo suggests that the Court's reference to Alamo providing the schematic early in the litigation requires that fees be calculated from that time forward.

Alamo's interpretation of the prior order is incorrect. The question presented for review, at that time, was whether or not the magistrate judge's recommendation to declare the case exceptional should be adopted, modified, or rejected. (See Doc. 72). While addressing this question, the Court indicated, as Alamo points out, that Alamo provided the plaintiffs with the schematic early in the litigation. However, this was not the sole basis for concluding that the case is exceptional pursuant to § 285.  Rather, it was the plaintiffs' "continued allegations" of infringement that made prosecution of its

6

case unreasonable. This rationale rests not simply on the availability of the schematic but on the plaintiffs' decision to continue litigating in spite of its availability. As stated in the prior order, the Court found "frivolous [the plaintiffs'] *continued assertion* that Alamo's Tiger Mower infringed on the limitations in claims 5 and 12 of the patent-in-suit," and it found "frivolous [the plaintiffs'] *continued assertion* that the Tiger and Alamo mowers meet the 'when the motor is disconnected from a hydraulic pump' limitation of claim 12." (Prior order, p. 8-9) (emphasis added).

Although the prior order, as Alamo suggests, may provide some basis for awarding fees earlier than 17 June 2009, the order set no specific date at which the case must be considered exceptional for the purposes of calculating a fee award. This remained an open question, which is evident from the fact that the case was referred back to Magistrate Judge Vecchiarelli for the purpose of adjudicating the amount of the award. And the appropriate date, being a question related to the amount of the award, was a proper issue for consideration on referral. Therefore, Alamo's contention that the recommended date of 17 June 2009 conflicts with, or is unsupported by, the Court's prior order is without merit.

This leads to the second issue raised by Alamo, which is whether Magistrate Judge Vecchiarelli's recommendation comes in contravention of the case law. Alamo contends it does, taking issue in particular with the magistrate judge's reasoning that 17 June 2009 was "the appropriate date [from which to award fees] because it was the earliest date upon which all issues of claim construction had been resolved." Alamo argues that by relying on the date at which "all issues of claim construction had been resolved," the magistrate judge applied a standard that is without a legal basis. Alamo

7

maintains that this reasoning "overlooks the general principle that an award of fees should be tied to the misconduct that made the case exceptional." (Doc. 84, p. 6).

The Court disagrees on both counts. "[T]he decision to award attorney fees and the amount thereof are within the district court's sound discretion." Brooks Furniture, 393 F.3d at 1382.  A prevailing party is not necessarily entitled to a full fee award. Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1553 (Fed. Cir. 1989). Rather, where a fee award is appropriate, the district court should identify and award only the "portion of [ ] attorney fees which related to the vexatious litigation strategy and other misconduct." Id.

The above-stated standard provides the legal basis for the magistrate judge's reasoning. In determining the amount of a fee award, it is a proper exercise of discretion to consider factors contributing "to a fair allocation of the burdens of litigation as between winner and loser." S.C. Johnson & Son, Inc., 781 F.2d at 201. The date on which all issues of claim construction were resolved is such a factor, since the plaintiffs were entitled to seek that resolution by challenging the Court's *Markman* order on appeal. In terms of a fair allocation of burdens of litigation, it makes no difference that the plaintiffs' successful appeal did not improve the merits of their case.

While some of the plaintiffs' behavior which contributed to the decision to declare this case exceptional occurred before the issuance of the Federal Circuit order, it was only then that the plaintiffs' continued assertions of infringement became clearly unjustified. At that point, with all issues of claim construction resolved, the plaintiffs had no reasonable basis upon which to prolong litigation, but they did so nonetheless. Therefore, the Court agrees with the magistrate judge that a fee award calculated from

8

17 June 2009 through 21 December 2011 bears the strongest relation to the plaintiffs' wrongful conduct.

### IV. Conclusion

For the reasons stated above, Alamo's objections are overruled and the report and recommendation is adopted in its entirety. Alamo's motion for attorney's fees is granted in part and denied in part. Alamo is awarded $358,516.44 in attorney's fees and costs from 17 June 2009 through 21 December 2011. The Court denies Alamo's request for an award of additional fees and costs incurred for preparation of its objections to the magistrate judge's report and recommendation.

IT IS SO ORDERED.

      /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 8 March 2013